UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 14-CR-0024-CVE |
| MICHAEL MEDLOCK, | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Unopposed Motion to Declare Case Complex (Dkt. # 9). On February 3, 2014, the grand jury returned an indictment charging defendant Michael Medlock with 15 counts of bank fraud in violation of 18 U.S.C. § 1344(1) and three counts of money laundering in violation of 18 U.S.C. § 1957(a). The maximum sentence under § 1344(1) is 30 years imprisonment and the maximum sentence under § 1957(a) is ten years imprisonment. The indictment alleges that defendant devised a scheme or artifice to defraud ONB Bank & Trust Company (ONB). Dkt. # 2, at 2. Over a three year period, defendant allegedly caused a loss of over $2,000,000 to ONB, and the alleged scheme involved numerous financial transactions. To this point, the government has produced over 3,200 pages of bank records to defense counsel, and defense counsel is attempting to retain a bank fraud expert to review the records. Dkt. # 9, at 2-3. On February 27, 2014, defendant made his initial appearance and he was represented by his retained attorney. Dkt. # 5. The Court entered a scheduling order (Dkt. # 8) setting the case for jury trial on April 21, 2014. Defense counsel states that review of the discovery is time-consuming and he will be unable to prepare a defense under the current scheduling order. Defendant asks that the case be

declared complex under the Speedy Trial Act and that the jury trial be reset for July 2014. The government does not oppose defendant's motion. Dkt. # 9, at 1.

Defendant asks the Court to declare this matter a complex case under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A case may be declared complex under the Speedy Trial Act if "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" Id. at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that a continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007). A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. United States v. Toombs, 574 F.3d 1262, 1273 (10th Cir. 2009).

The Court has reviewed defendant's motion and finds that it should be granted. Defendant is charged with multiple counts of bank fraud and money laundering, and the government has produced over 3,200 pages of banking records to defense counsel. Defendant intends to retain an expert to help him review the discovery but, even with an expert, review of the discovery materials will be time-consuming. It would not be reasonable to expect defense counsel to review the discovery materials, determine if pretrial motions would be appropriate, and prepare a defense

declared complex under the Speedy Trial Act and that the jury trial be reset for July 2014. The government does not oppose defendant's motion. Dkt. # 9, at 1.

Defendant asks the Court to declare this matter a complex case under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A case may be declared complex under the Speedy Trial Act if "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" Id. at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that a continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007). A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. United States v. Toombs, 574 F.3d 1262, 1273 (10th Cir. 2009).

The Court has reviewed defendant's motion and finds that it should be granted. Defendant is charged with multiple counts of bank fraud and money laundering, and the government has produced over 3,200 pages of banking records to defense counsel. Defendant intends to retain an expert to help him review the discovery but, even with an expert, review of the discovery materials will be time-consuming. It would not be reasonable to expect defense counsel to review the discovery materials, determine if pretrial motions would be appropriate, and prepare a defense

under the current scheduling order. The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against defendant's interest of having adequate time to prepare for trial. Under these circumstances, defendant's interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by declaring this matter a complex case. Taking into account the complexity of the case, the amount of discovery, and the seriousness of the charges against defendant, the Court finds that a July 2014 trial setting will provide defense counsel adequate time to review the discovery materials and prepare a defense for his client.

**IT IS THEREFORE ORDERED** that defendant's Unopposed Motion to Declare Case Complex (Dkt. # 9) is **granted**, and the jury trial set for April 21, 2014 is **stricken**.

**IT IS FURTHER ORDERED** that following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | June 16, 2014 |
| Responses due: | June 30, 2014 |
| PT/CP/Motions Hearing: | July 8, 2014 at 10:00 a.m. |
| Voir dire, jury instructions, and trial briefs due: | July 14, 2014 |
| Jury Trial: | July 21, 2014 at 9:15 a.m. |

**IT IS FURTHER ORDERED that the time between April 21, 2014 and July 21, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).**

**DATED** this 4th day of March, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE